José R. Rivera, Plaintiff, *v.* Banco Industrial de Puerto Rico, Defendant; Francisco Acevedo, Intervener and Appellant.

No. 5961. Argued April 4, 1933.—Decided April 25, 1933.

*Largé & Acevedo* for intervener-appellant. *Gabriel de la Haba* for plaintiff in the main action. *H. Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for defendant.

Mr. Justice Hutchison delivered the opinion of the Court.

A district court overruled a demurrer to a complaint in intervention so far as the third count was concerned but sustained it as to the first and second counts. Later, intervener requested that judgment be entered and the court dismissed the complaint so far as the first and second causes of action were concerned and gave a receiver of the defendant bank ten days in which to answer the third.

As a first cause of action, intervener alleged that in the original action the court had appointed a temporary receiver by virtue of a stipulation between the plaintiff, Rivera, and the president of the bank, E. F. Schluter; that in the third paragraph of the stipulation the board of directors of the bank was said to have adopted a resolution authorizing Schluter in the name and stead of the bank to consent to the appointment of a temporary receiver, to wit, Manuel Martínez Casanova; that in the fourth paragraph of the stipulation it was stipulated and agreed that the bank should acquiesce in plaintiff's petition for the appointment of a temporary receiver and consent to the appointment of Manuel

Martínez Casanova, as such receiver; that notwithstanding these statements and in contradiction thereof, in the sixth paragraph of the stipulation the parties thereto requested that the same be approved and that Antonio Hernández be appointed as temporary receiver; that the name of Hernández appeared to have been inserted over an erasure in the sixth paragraph of the stipulation and that no mention of this alteration had been made at the end of the document; that in an order dated July 31, 1930, the court had appointed Antonio Hernández as temporary receiver and that three times in the order appointing him his name also appeared to have been inserted over an erasure and that no mention of these alterations had been made at the end of the order; that the supposed temporary receiver, without notifying the plaintiff, Rivera, nor the president of the bank, nor any stockholder, had filed a motion for an amendment of the order of July 31, 1930, appointing him temporary receiver because the name of Martínez Casanova had been inserted therein instead of his own; that the court had granted this motion and had made another order of August 6, 1930, amending its previous order; that neither at the time of these two orders nor at any time prior to the date of either had there been any averment as to any amendment of the stipulation or of the bank's resolution, nor did the record show that the board of directors had adopted any resolution authorizing the president of the bank or any other person to consent to the appointment of Antonio Hernández as temporary receiver; and that on October 15, 1930, Antonio Hernández had been appointed as judicial administrator.

The prayer, so far as pertinent to the first and second causes of action, was that the appointment of Hernández, both as temporary receiver and as judicial administrator, should be adjudged null and void.

Intervener does not set forth in full in his complaint the pertinent portion of the resolution adopted by the board of directors. He does not even copy in his complaint the recit-

als as to such resolutions contained in the stipulation. Neither the resolution nor the stipulation is attached to the complaint as a part thereof. Intervener's narrative of what was said in the third paragraph of the stipulation about what the directors had authorized in their resolution does not necessarily mean that their consent to the appointment of a temporary receiver was conditioned upon the appointment of Martínez Casanova. Much less in the fourth paragraph of the stipulation, as indirectly quoted by intervener, does the acquiescence of the bank in plaintiff's petition for the appointment of a receiver appear to be contingent on the appointment of Martínez Casanova. The substitution of the name of Antonio Hernández for that of Martínez Casanova in a subsequent paragraph of the stipulation, if made by mutual consent before signing, did not vitiate the document. The failure to mention the alterations at the end of the document before signing was not enough to overcome the presumption of good faith. Intervener did not aver that the alteration was made after signature. or without the mutual consent of the parties before signature. In any event, the court was not bound by any agreement of the parties as to whom it should appoint. The fact that the appointment was made ''by virtue of'' a stipulation between plaintiff and the president of the bank in excess of the authority conferred upon the latter by the bank's board of directors, if alleged in a timely protest by the bank, might have been sufficient ground for a reconsideration of the matter by the court. It is inadequate as a basis for intervener's demand that the appointment be declared null and void. Much less could it affect the validity of the subsequent appointment of a permanent receiver or ''judicial administrator.'' The fact that the court on an *ex parte* motion of Hernández amended its original order, presumably so as to speak the truth and express what was originally intended, did not invalidate the appointment of Hernández. The fact that the record does not disclose any amendment of the resolution adopted by

the board of directors is not so significant as is the fact, which may be fairly inferred from the complaint in intervention, that the record likewise does not disclose any subsequent protest by the board of directors against the appointment of Hernández.

The power and jurisdiction of the court to appoint Hernández as receiver did not depend upon the consent of the parties. They could not by agreement confer upon the court such jurisdiction nor could they deprive the court of its jurisdiction by submitting for approval a stipulation which had not been duly authorized by the board of directors of the bank. The appointment was not null and void merely because it had been made "by virtue of" such a stipulation.

As a second cause of action, intervener alleged (in addition to a number of the facts set forth as a first cause of action): That the bank had not been dissolved and that no attempt had been made to dissolve it; that Rivera in his petition for the appointment of a receiver had stated that the bank was solvent and had not alleged any fraud or mismanagement by the board of directors; and that neither Rivera, nor any other person, had brought any action in any court of the Island to dissolve the bank and in consequence thereof to liquidate the same.

Section 182 of the Code of Civil Procedure authorizes the appointment of a receiver "when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." Section 183 provides that "upon the dissolution of any corporation, the district court of the district in which the corporation carries on its business, or has its principal place of business, on application of any creditor of the corporation, or of any member or stockholder thereof, may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof, and to divide the moneys and

other property that shall remain over, among the stockholders or members." Section 182, however, in its final subdivision also authorizes the appointment of a receiver "in all other cases where receivers have heretofore been appointed by the usages of courts of equity." The facts relied upon by intervener as a second cause of action fall far short of a showing that the case before the court was not a proper one for the appointment of a receiver in accordance with "the usages of courts of equity."

For the purposes of this opinion, it may be conceded that if (as the district court held) the third count was good, the better practice would have been simply to overrule a demurrer addressed to the complaint as a whole. It does not follow that the action of the court in sustaining the demurrer as to the first and second counts and in overruling it as to the third was reversible error.

The error, if any, in granting an extension of time within which to answer the third count, after sustaining the demurrer as to the first and second counts, was, in the circumstances of the instant case, harmless.

What we have said disposes of most of appellant's contentions. The others need not be discussed. Any mistake that the district judge may have made in stating the reasons for his ruling on the demurrer would not be sufficient ground for reversal.

The judgment appealed from must be affirmed.